*E-FILED 03-16-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO "ROSS" A. FIORANI,<br><br>    Plaintiff,<br>  v.<br><br>HYUNDAI MOTOR AMERICA CORP. and<br>GENERAL MOTORS CORPORATION,<br><br>    Defendants.<br>_____/ | No. C11-00534 HRL<br><br>**ORDER THAT THIS CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

    Presently before the court is Rosario "Ross" A. Fiorani's application to proceed in forma pauperis. A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Here, plaintiff's application is incomplete. Although he is required to declare, under penalty of perjury, that the information in the application is true and correct, Fiorani did not sign his application. Additionally, the allegations of his complaint suggest that he is (or was) employed as of November 2010. (See Complaint at p. 7). Yet, he did not provide information about that employment in his application.

1    Fiorani states that this "action is brought on behalf of at least five (5) States Attorney
2 Generals, on behalf of the Federal Trade Commission, or by Plaintiff." (Complaint at p. 2). To
3 date, however, the only filings in this litigation have been made by Fiorani. In essence, Fiorani
4 contends that he was prevented from purchasing a 2011 Chevrolet Impala LTZ pursuant to an
5 alleged contract between him and GMAC, which reportedly provided him with preapproved and
6 prearranged credit for the purchase. (Id. at pp. 6-7, 10). He claims that Hyundai, General
7 Motors, and 16 car dealerships (13 in Virginia and 3 in Maryland), plus Ally Financial, and a
8 host of individuals, committed and conspired to commit violations of federal law, as well as
9 those of several states, including California. (Id. at 3, 5). The complaint indicates that the key
10 events giving rise to the instant lawsuit occurred at Dudley Martin Chevrolet in Manassas,
11 Virginia and other locations in the Eastern District of Virginia. There is nothing to suggest that
12 a substantial part of the events underlying this action occurred in the Northern District of
13 California. The instant action is still in its early stages. Accordingly, based on the allegations
14 of the complaint, and having weighed competing legitimate interests and possible prejudice, this
15 court finds that this lawsuit properly belongs in the Eastern District of Virginia.

16    Because not all parties have consented to the undersigned's jurisdiction, IT IS
17 ORDERED that this case be reassigned to a District Court Judge. This court further
18 RECOMMENDS that the newly assigned judge: (1) transfer the instant action to the United
19 States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a); and
20 (2) hold Fiorani's IFP application in abeyance for review and determination by the court in the
21 Eastern District of Virginia.

22    Any party may serve and file objections to this Report and Recommendation within
23 fourteen days after being served. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(B) & (C).

24 Dated:   March 16, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

5:11-cv-0534-HRL Notice mailed to:

Ross A. Fiorani
7115 Latour Court
Kingstowne, VA 22315